00454.07102/LSC/ml

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
DEC 15 1999
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JEFFREY SAAD,

Plaintiff,

vs.

SHIMANO AMERICAN CORPORATION,

Defendant.

No. 98 C 1204
Judge Holderman

DOCKETED
DEC 21 1999

**SHIMANO AMERICAN CORPORATION'S MOTIONS *IN LIMINE***

NOW COMES Defendant, Shimano American Corporation, by its attorneys, Thomas F. Murray, Jr. and Loren S. Cohen of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, and prior to the selection of the jury in this case, respectfully moves this Honorable Court, *in limine*, to enter an Order barring Plaintiff, through his respective counsel and any witnesses called by Plaintiff, from eliciting any testimony at trial, before the jury, of the following:

1. That Defendant was covered by liability insurance for the subject incident;

2. Other occurrences or that Defendant has been sued for any reason at any time, or in the alternative for an Order requiring Plaintiff and his witnesses to make a preliminary showing, before the Court, outside of the presence of the jury, of the relevance of any alleged "other occurrence" involving products distributed by Shimano American Corporation;

3. The pecuniary circumstances of the parties to this litigation;

4. Any loss of future earnings or earning capacity;

19

5. That the subject warning labels, technical manual and/or service instructions at issue in this case were insufficient or inadequate;

6. Any opinions regarding the prognosis and permanency of any injuries allegedly sustained by plaintiff;

7. Opinions other than those expressed at deposition;

8. Any reference to the fact that the designer and manufacturer of the subject components at issue in this case is a Japanese corporation;

9. Any evidence that Plaintiff will need to undergo an ankle fusion in the future;

10. Defendant further prays for entry of an order, *in limine*, barring plaintiff's expert, James Green, from testifying at trial.

11. Any reference to the feasibility of an alternative design for the subject clipless pedal system.

12. Various other inflammatory and prejudicial remarks set forth in Defendant's Omnibus Motion *in limine.*

Defendant has filed a separate memorandum of law in support of its motions *in limine.*

WHEREFORE, Defendant, Shimano American Corporation, respectfully prays for entry of an Order barring any evidence at trial regarding:

1. Liability insurance;

2. Other occurrences;

3. The pecuniary circumstances of the parties;

4. Plaintiff's alleged loss of future earnings and earning capacity;

5. Alleged insufficiency or inadequacy of warning labels, technical manual and service instructions;

6. The prognosis and permanency of plaintiff's injury;

7. Opinions other than those expressed at deposition;

8. The fact that the designer and manufacturer of the subject components is a Japanese Corporation;

9. Any evidence that Plaintiff will need to undergo in ankle fusion in the future;

10. James Green's testimony;

11. The alleged feasibility of an alternative design of the clipless pedal system.

12. Other inflammatory remarks;

Respectfully Submitted,

SHIMANO AMERICAN CORPORATION

By: ______________________

Thomas F. Murray, Jr., Esq
Loren S. Cohen
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
120 North LaSalle Street
Suite 2600
Chicago, Illinois 60602
(312)704-0550